UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT J. DOSKEY, JR.** | * | CIVIL ACTION |
| | * | |
| | * | |
| VERSUS | * | NUMBER: 07-7365 |
| | * | |
| | * | |
| TRAVELERS INSURANCE COMPANY, and | * | |
| STANDARD FIRE INSURANCE COMPANY | * | SECTION "L"(4) |

## ORDER & REASONS

This matter comes before the Court on order to show cause as to the amount in controversy on the date of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that the jurisdictional amount in controversy is met.

**I.   BACKGROUND**

This case arises out of an insurance dispute regarding property damage related to Hurricane Katrina. On August 28, 2007, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, alleging that Defendant acted arbitrarily, capriciously and in bad faith in failing to timely adjust his claim under the terms of his policy. The policy issued by the insurer has a coverage limit of $127,000 for dwelling, $38,100 for loss of use, $95,176 for personal property and $12,700 for other structures. In his complaint, Plaintiff requested punitive and treble damages as allowable under Louisiana law.

Defendant removed the case to this Court on October 25, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332. On November 2, 2007, another section of this Court ordered the parties to submit memoranda on the issue of the amount in controversy in this case.

1

Then on November 29, 2007, this case was transferred to this section of the Court.

**II.    LAW & ANALYSIS**

The parties to an action may not consent nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Indeed, federal courts may examine the basis of jurisdiction *sua sponte*. *Id.*; *see also Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*, even on appeal.").

Defendant contends that this Court has diversity jurisdiction over this case because complete diversity exists and the amount in controversy exceeds $75,000. Plaintiff does not dispute that diversity of citizenship exists, but argues that the amount-in-controversy requirement is not satisfied in this case.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages. *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773 (5th Cir. 2003). Therefore, in this Circuit, a defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). The defendant may satisfy its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely to be above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

Plaintiff argues that while he has received some funds from the Defendant, such sums do not exceed $75,000 and states that he is willing to enter into a stipulation preventing him from

recovering more than $75,000.

However, Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and Plaintiff has requested such punitive damages. This Court must consider these fees and penalties when it assesses the amount in controversy. *Nguyen v. Allstate Ins. Co.,* 2007 WL 274799, at *2 (E.D.La. Jan. 29, 2007) (citing *Poynot v. Hicks,* 2002 WL 31040174 at *3 (E.D.La. Sept. 12, 2002)). Under La. Rev. Stat.§ 22.658, a defendant is liable for an additional penalty of 25 or 50 percent of the damages if the defendant arbitrarily, capriciously or without probable cause failed to pay plaintiff's claim. Additionally, under La. Rev. Stat. § 22:1220, a defendant is liable for twice the damages sustained if the defendant refused to settle the claim in bad faith. In the complaint, the Plaintiff states that he has suffered losses estimated to be at least $68,060. Considering the possible awards of attorneys' fees and penalties, it is facially apparent that the amount in controversy is more than $75,000.

When a defendant has met the burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1411-12. Under *De Aguilar,* a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000. 47 F. 3d at 1412. Because Louisiana plaintiffs are not limited to recovery of damages requested in their pleadings, such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of $75,000 in order to defeat removal. *Davis v. State Farm Fire & Cas.,* 2006 WL 1581272 at *2 (E.D.La. June 7, 2006). In the present case, Plaintiff has made an offer to stipulate that he will waive his right to recover penalties and attorney's fees.

Plaintiff's offer is not an affirmative, binding stipulation that establishes with legal certainty that the claim is for less than $75,000.  Therefore, the Court finds that the defendant has demonstrated that the amount-in-controversy exceeds $75,000.

## III.     CONCLUSION

For the foregoing reasons, the Court determines that the amount in controversy is met and that this Court has jurisdiction over this matter.

New Orleans, Louisiana, this 15th day of January, 2008.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE